**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

MARLYN HAYNES, individually and as                                    PLAINTIFF
Administratrix for the ESTATE OF
JAMES ARTHUR HAYNES

v.                                        No. 4:12CV00123 JLH

VANESSA WIRE, in her individual and official
capacities as Deputy Sheriff for White County,
Arkansas; and DAVID JONES, in his individual
and official capacities as Deputy Sheriff for
White County, Arkansas                                               DEFENDANTS

## OPINION AND ORDER

On June 4, 2007, James Arthur Haynes died while detained at the White County jail.  On

May 27, 2010, his wife, Marlyn Haynes, filed a complaint in this Court against deputies Vanessa Wire

and David Jones, in their individual and official capacities, asserting claims arising from James

Haynes's death.  Her complaint also named as defendants White County, the sheriff of White County

in his official capacity, and five other deputies in their individual and official capacities.  *See Haynes*

*v. White Cnty., Ark., et al.*, 4:10CV529.  Wire and Jones were never served with summons and

complaint in that action.  On January 31, 2011, the defendants filed a motion to dismiss Wire and

Jones because they had not been served within 120 days as required by Rule 4(m) of the Federal

Rules of Civil Procedure.  Without objection, the motion was granted, and Wire and Jones were

dismissed without prejudice on March 2, 2011.  Subsequently, the remaining defendants moved for

summary judgment.  The Court granted the motion for summary judgment and dismissed the

complaint with prejudice on February 13, 2012.

On February 28, 2012, Haynes filed the complaint in this action, alleging the same claims

against Wire and Jones that she had asserted in the original suit.  *Compare* Document #1, *with*

*Haynes*, 4:10CV529, Document #1.  The complaint in this action, as did the complaint in the earlier action, names Wire and Jones in their individual and official capacities.  Wire and Jones have filed a motion to dismiss in which they contend that the complaint is barred by the applicable statute of limitations, that the complaint should be dismissed because they were indispensable parties to the initial lawsuit pursuant to Rule 19 of the Federal Rules of Civil Procedure, and that Haynes is collaterally estopped from asserting the official capacity claims pursuant to the doctrine of res judicata.

Haynes has responded to Wire and Jones's statute of limitations and Rule 19 arguments but not to the collateral estoppel argument.  Nevertheless, "[w]hen [an argument] would be dispositive of the merits of the cause if granted, courts should normally not treat a failure to respond to the [argument] as conclusive." *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1213 (8th Cir. 1977).  Here, Wire and Jones's collateral estoppel argument is dispositive.  "A suit against a government official in his or her official capacity is 'another way of pleading an action against an entity of which an officer is an agent.' " *Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007) (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 n.55, 98 S. Ct. 2018, 2035 n.55, 56 L. Ed. 2d 611 (1978)).  "The doctrine of res judicata bars a plaintiff from suing a succession of public officials on the same official-capacity claim." *Baker*, 501 F.3d at 925.  Consequently, when the Court issued a final order dismissing on the merits the official-capacity claims against the other White County defendants, it resolved the merits of the official-capacity claims against all defendants, including Wire and Jones. *Id.*

2

The remaining question is whether Haynes's individual capacity claims are barred either by the applicable statute of limitations or, alternatively, on the ground that Wire and Jones were indispensable parties to the original suit.

"The applicable state law statute of limitations governs § 1983 claims." *Baker*, 501 F.3d at 922 (citing *Bd. of Regents v. Tomanio*, 446 U.S. 478, 484, 100 S. Ct. 1790, 1795, 64 L. Ed. 2d 440 (1980)). Therefore, Haynes's claims against Wire and Jones "in their individual capacities are subject to the three-year Arkansas statute of limitations." *Baker*, 501 F.3d at 922 (citing *Morton v. City of Little Rock*, 934 F.2d 180, 182 (8th Cir. 1991)). The present action was commenced more than four and one half years after James Haynes's death.[1]

To avoid the bar of limitations, Haynes relies upon Arkansas's savings statute. Ark. Code Ann. § 16-56-126. Pursuant to that statute, if a "plaintiff files a timely action and then 'suffers a nonsuit,' he 'may commence a new action within one (1) year.' " *Baker*, 501 F.3d 920 at 922 (quoting Ark. Code Ann. § 16-56-126). The savings statute applies to § 1983 claims. *Baker*, 501 F.3d 920 at 922 (citing *Whittle v. Wiseman*, 683 F.2d 1128, 1129 (8th Cir. 1982)). Haynes filed her complaint in the present action less than one year after Wire and Jones were dismissed from Haynes's original suit.

---

[1] Even if the period from the filing of Haynes's original lawsuit until the dismissal of that action on summary judgment (and, *a fortiori*, the shorter period between the filing of the original complaint and the dismissal of Wire and Jones) were excluded from the calculation, the complaint here still was filed more than three years after the death of James Haynes. *See Baker*, 501 F.3d at 922-923 (in determining if section 1983 claim was filed within Arkansas three-year statute, excluding period between filing of plaintiff's first complaint and dismissal of that action without prejudice, but including time after dismissal prior to filing of second complaint); *but see Garfield v. J.C. Nichols Real Estate*, 57 F.3d 662, 666 (8th Cir. 1995) ("Once a dismissal without prejudice is entered and the pending suit is dismissed, it is as if no suit had ever been filed.").

Nevertheless, Wire and Jones contend that Haynes may not avail herself of the savings statute because she never served them with the summons and complaint in the earlier action.  To invoke the savings statute, "a plaintiff need only file his or her complaint within the statute of limitations and complete timely service on a defendant." *Thomson v. Zufari*, 325 Ark. 208, 209, 924 S.W.2d 796, 797 (1996).  Haynes concedes that she failed to serve either Wire or Haynes with the summons and complaint in the earlier action but contends that her service of other defendants in that action satisfies the requirement that she serve "a defendant."

Haynes's argument—that service of one of several defendants in a prior action permits a plaintiff to invoke the savings statute against an unserved defendant—is precluded by Arkansas Supreme Court precedent.  In *Green v. Wiggins*, the plaintiff brought an action against three physicians and various other defendants.  304 Ark. 484, 485, 803 S.W.2d 536, 537 (1991).  The plaintiff served one of the physicians but did not serve the other two physicians. *Id.*  The suit against the unserved physicians was dismissed without prejudice.  *Id.*  The plaintiff then filed a second complaint, outside the applicable period of limitations period, against the two unserved physicians. *Id.* at 485-86, 803 S.W.2d at 537.  The second action was dismissed as untimely. *Id.*  The Arkansas Supreme Court held that the plaintiff could not avail himself of the savings statute with respect to his second complaint against the two physicians because he had failed to serve them with his first complaint. *Id.* at 488, 803 S.W.2d at 538-39.  That the plaintiff had served a defendant (namely, the third physician) with the first complaint did not trigger the savings statute.

Based upon *Green*, it is apparent that a plaintiff may only invoke Arkansas's savings statute if the plaintiff files the complaint before the period of limitations has expired and then completes timely service on the defendant against whom the subsequent action is brought.  Because Haynes did

4

not serve Wire or Jones with her original complaint, the savings statute does not rescue her second complaint from the bar of limitations.

In her brief, Haynes appears to argue that she is entitled to invoke Arkansas's savings statute, even though she did not serve either Wire or Jones, because federal law, unlike state law, does not require a plaintiff to serve a defendant in order to commence an action against that defendant. *See Moore Co. of Sikeston, Mo. v. Sid Richardson Carbon & Gasoline Co.*, 347 F.2d 921, 924 (8th Cir. 1965) ("[T]he filing of the complaint is a commencement of the action for statute of limitations purposes."). This contention is without merit. *Moore* applied a federal statute of limitations to a federal claim.[2] In contrast, where the Court must look to state law for the applicable statute of limitations, as with a § 1983 claim, the Court must also apply the state law tolling rules. *See Wallace v. Kato*, 549 U.S. 384, 394, 127 S. Ct. 1091, 1098, 166 L. Ed. 2d 973 (2007); *Montin v. Estate of Johnson*, 636 F.2d 409, 413 (8th Cir. 2011); *Garfield v. J.C. Nichols Real Estate*, 57 F.3d 662, 665 (8th Cir. 1995). Here, Arkansas's statute of limitations governs, as does Arkansas's savings statute and the Arkansas rules determining when the savings statute may be invoked.

Consequently, Haynes's claims against Wire and Jones in their individual capacities must be dismissed.

For the foregoing reasons,[3] Wire and Jones's motion to dismiss is GRANTED. Document #4. Haynes's claims are dismissed with prejudice.

---

[2] Furthermore, it is doubtful that *Moore* has survived the amendments to Rule 4 adopted since 1965. *See* Charles Alan Wright and Arthur R. Miller, 4 *Federal Practice and Procedure: Civil* § 1056 (3d Ed., 2004).

[3] The Court does not reach Wire and Jones's Rule 19 argument.

IT IS SO ORDERED this 27th day of June, 2012.

J. LEON HOLMES
UNITED STATES DISTRICT COURT